## Regal Capital Inc. v Nomad Ventures LLC

2024 NY Slip Op 31027(U)

March 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 530946/2022

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of the State of New York held in and for the County of Kings at 360 Adams Street, Brooklyn, New York, on the 20th day of March 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS
-------------------------------------------------------------------------X
REGAL CAPITAL INC.,

                            Plaintiff(s)

                -against-

NOMAD VENTURES LLC d/b/a FIRST AVE AUTO, RONIN
VENTURES LLC, and GLENN ALLEN WOODARD,

                            Defendant(s)
-------------------------------------------------------------------------X

**Index No**: 530946/2022

**ORDER**

The following e-filed papers read herein:

| | NYSCEF Nos.: |
|---|---|
| Notice of Motion/Affirmation in Support/Memo in Support/ Affidavits Annexed/Exhibits Annexed.................................... | 3-7; 14 |
| Affirmation in Opposition/ Affidavits Annexed/Exhibits Annexed... | 8-12 |

In this action, Nomad Ventures LLC D/B/A First Ave Auto and Ronin Ventures LLC, ("Defendants") move to dismiss Regal Capital Inc.'s ("Plaintiff") complaint for lack of personal jurisdiction, and failure to state a cause of action pursuant to CPLR 3211(a)(7) and (8), and in the alternative for an extension of time to serve an answer. Plaintiff has opposed the motion.

This action arises from an agreement dated September 9, 2022, entered into between the parties wherein Plaintiff paid Defendants a sum of $50,000.00 to purchase all of Defendants' future receivables valued at $75,000.00 ("Agreement"). Plaintiff commenced this action by the filing of a Verified Summons and Complaint on October 25, 2022, and asserts causes of action for breach of contract and breach of a personal guarantee.

In support of their motion, Defendants argue that Plaintiff's complaint should be dismissed for lack of personal jurisdiction because Defendant Ronin is an LLC organized in Nebraska and was never a party to any agreement with Plaintiff. Additionally, Defendants argue that they were never personally served with the Summons and Complaint or by any other acceptable means of service. Moreover, Defendants allege that Plaintiff seeks repayment of $85,937.50 in less than a year, which far exceeds an annualized rate of sixteen percent (16%) and thus is considered a usurious loan under New York Law.

In opposition, Plaintiff states that Pursuant to Section 4.5 of the Purchase Agreement, the parties explicitly agreed that the Agreement would be governed by the laws of New York and that the parties consented to New York or Texas jurisdiction, venue, and choice of law, and that

1

[* 1]

Defendants waived personal service in favor of service via certified mail with return receipt requested. Further, Plaintiff argues that it has sufficiently plead viable causes of action for breach of contract and breach of a personal guarantee. Plaintiff states that the language of the Agreement does not indicate that it is a loan, thus its terms cannot be considered a usurious loan under New York law.

Generally, a nondomiciliary is subject to the jurisdiction of a New York court if it has purposefully transacted business within the State and there is a "substantial relationship" between this activity and the plaintiff's cause of action (*Keutter v McFadden Oil Corp.,* 71 A.D.2d 460 [1988]; *Fanelli v Latman,* 202 A.D.3d 758 [2d Dept. 2022]). While the ultimate burden of proof regarding personal jurisdiction rests with the party asserting jurisdiction, the plaintiff in opposition to a motion to dismiss pursuant to CPLR 3211(a)(8) need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the Supreme Court (*Daniel B. Katz & Associates Corp. v Midland Rushmore, LLC,* 90 A.D.3d 977 [2d Dept. 2011]; *Jacobs v 201 Stepheson Corp.,* 138 A.D.3d 693 [2d Dept. 2016]; *Cornely v Dynamic HVAC Supply, LLC,* 44 A.D.3d 986 [2d Dept. 2007]).

A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court (*Somerset Fine Home Building, Inc.,* 185 A.D.3d 752 [2d Dept 2020]; *Lifetime Brands, Inc., v Garden Ridge, L.P.,* 105 A.D.3d 1011 [2d Dept. 2013]; *Creative Mobile Technologies, LLC v Smart Modular Technologies, Inc.,* 97 A.D.3d 626 [2d Dept. 2012]). Parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract (*Somerset Fine Homes Buildings, Inc.* at 753). Thus, a forum selection clause will be given effect in the absence of a 'strong showing' that it should be set aside (*U.S. Merchandise, Inc. v L & R Distributors, Inc.,* 122 A.D.3d 613 [2d Dept. 2014]; *Horton v Concerns of Police Survivors, Inc.,* 62 A.D..D 836 [2d Dept. 2009]).

General Obligations Law § 5-1402 provides that a party may maintain an action in New York against a foreign defendant if the parties have entered into an agreement that (i) contains a New York forum selection clause, (ii) contains a New York choice of law provision, and (iii) involves a transaction that in the aggregate is over $1 million. This section, however, is not a

limitation on the use and effectiveness of forum selection clauses. Rather, it contains a statutory mandate that a clause designating New York as the forum "shall" be enforceable, in cases involving $1 million or more, regardless of any inconvenience to the parties. Therefore, in actions involving less than $1 million, forum selection clauses are enforceable according to their terms (see *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v Worley*, 257 AD2d 228, 231 [1st Dept 1999]; *Bizfund LLC v Holland & Sliger Steel, LLC*, 71 Misc.3d 12226[A] [Sup. Ct. Kings County 2021]).

Here, Ronin Ventures LLC is listed as an additional entity subject to the terms of the contract. Further, Plaintiff has established that the Agreement between the parties included a Choice of Law clause designating New York as the forum pertaining to any disputes regarding the contract, which Defendants signed, subjecting them to the personal jurisdiction of the Court. In challenging the legitimacy of the Choice of Law clause, the Defendants do not argue that the forum selection clause is unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or argue that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court. Additionally, Section 4.5 the Agreement states in part that:

> "Merchant and Guarantor hereby agree to waive any formal personal service of process and agree that any summons and/or complaint or other process to commence any litigation by RCI will be properly served if sent by certified mail, return receipt requested, to the mailing address listed on page 1 of this Agreement, or any other address provided in writing to RCI from the Merchant/Guarantor which includes any address listed on the 'Exhibit A,' if any."

Plaintiff submits an affidavit of service and return receipt indicating that Defendants were served in accordance with the terms of the contract. Accordingly, the Court has jurisdiction over this matter and that branch of Defendant's motion to dismiss is denied.

When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (*Leon v. Martinez*, 84 NY2d 83, 87 [1994]; *Skefalidis v China Pagoda NY, Inc.*, 210 A.D. 3d 925 [2d Dept. 2022]); *Oluwo v Sutton*, 206 A.D.3d 750 [2d Dept. 2022]; *Sokol v Leader*, 74 A.D.3d 1180 [2d Dept. 2010]). Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss (*Eskridge v Diocese of Brooklyn*, 210 A.D.3d 1056 [2d Dept. 2022]; *Zurich American Insurance Company v City of*

3

[* 3]

*New York*, 176 A.D.3d 1145 [2d Dept. 2019]; *EBC I Inc. v Goldman, Sachs & Co.*, 5 NY3d [2005]).

On a motion made pursuant to CPLR 3211(a)(7) to dismiss a complaint, the burden never shifts to the non-moving party to rebut a defense asserted by the moving party (*Sokol* at 1181; *Rovello v Orofino Realty Co. Inc.*, 40 NY2d 970 [1976]). CPLR 3211 allows a plaintiff to submit affidavits, but it does not oblige him or her to do so on penalty of dismissal (Id.; *Sokol* at 1181). Affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint and such affidavits are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (Id.; *Rovello* at 635; *Nonon* at 827). Thus, a plaintiff will not be penalized because he has not made an evidentiary showing in support of its complaint.

Unlike on a motion for summary judgment, where the court searches the record and assesses the sufficiency of evidence, on a motion to dismiss, the court merely examines the adequacy of the pleadings (*Davis v. Boeheim*, 24 NY3d 262, 268 [2014]). The appropriate test of the sufficiency of a pleading is whether such pleading gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments (*V. Groppa Pools, Inc. v. Massello*, 106 AD3d 722, 723 [2d Dept 2013]; *Moore v Johnson*, 147 AD2d 621 [2d Dept 1989]).

To plead a cause of action for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance pursuant to the contract, (3) defendant's breach of the contractual obligations; and (4) damages resulting from that breach (*34-06 73, LLC v Seneca Insurance Company*, 39 NY3d 44 [2022]). Plaintiff's allegations must identify the provisions of the contract that were breached (*Id.*).

Here, the Complaint sets forth the particular terms of the contract upon which Plaintiff's claim is based. Additionally, the allegations made in the Complaint as well as the incorporated contract gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and state a valid cause of action for breach of contract.

Accordingly, the Plaintiff has sufficiently stated a cause of action to breach of contract and that branch of Defendant's motion to dismiss is denied.

4

[* 4]

The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*LG Funding, LLC v. United Senior Props. of Olathe, LLC,* 181 A.D.3d 664, 665, 122 N.Y.S.3d 309). To determine whether a transaction constitutes a usurious loan: "The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy (*Id.* at 665-666; *Principis Capital, LLC v I Do, Inc.,* 201 A.D.3d 752 [2d Dept. 2022]).

Here defendants only state in a conclusory fashion that the Agreement is usurious because the amount of repayment Plaintiff seeks is greater than 16% permitted under New York State law, and that Plaintiff has harassed defendants in seeking repayments. Conclusory statements alone are insufficient to allege that a contract is usurious. The Court finds that Defendants have failed to proffer the contract or any case law in their moving papers. The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion (*Ditech Financial, LLC v Connors,* 206 AD3d 694 [2d Dept. 2022]; *Wells Fargo Bank, N.A. v Marchione,* 69 AD3d 204 [2d Dept. 2009]; quoting *Harleysville Ins. Co. v Rosario,* 17 AD3d 677 [2d Dept. 2005]). Thus, documents and arguments submitted for the first time in reply papers generally should be disregarded by the court, especially when the other party is not given the opportunity to respond to the reply papers (*Citimortgage, Inc v Espinal,* 134AD3d 876 [2d Dept. 2015]; *Central Mortg. Co. v Jahnsen,* 150 AD3d 661 [2d Dept. 2017]).

Accordingly, it is hereby,

ORDERED, that Defendants' motion to dismiss is denied, and it is further,

ORDERED, that Defendants are granted an extension of 30 days from the notice of entry of this Order to file and serve an Answer.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

[* 5]